Pd 40389

13

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

------------------------------------ X

Victoria Jamae Jones,                :

                       Plaintiff,

                       against

Equifax Information Services, LLC,   :

                    Defendant.   :

------------------------------------ X

Case: 2:25-cv-12947
Judge: Murphy, Stephen J.
MJ: Altman, Kimberly G.
Filed: 09-17-2025 At 09:03 AM
CMP VICTORIA JONES V EQUIFAX INFORMATION SERVICES, LLC (LG)

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. Ther is a civil action for actual damages, statutory damages, and punitive damages brought by Victoria Jones (Plaintiff), an individual consumer, against Defendant, Equifax Information Services LLC (hereinafter "Equifax") for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (hereinafter "FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1681(p) and 28 U.S.C. §1331. The venue in this District is proper in that Equifax transacts business in Mount

Page 1 of 11

Morris, Genessee County, Michigan, and the conduct complained of occurred in Mount Morris, Genessee County, Michigan.

### III. PARTIES

3. Plaintiff Victoria Jamae Jones (hereinafter "Mrs. Jones") is a natural person residing in Mount Morris, Genessee County, Michigan.

4. Upon information and belief, Equifax is a Georgia Limited Liability Company (LLC).

5. Upon information and belief, Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

6. Upon information and belief, Equifax compiles consumer information and provides "consumer reports" as defined by 15 U.S.C. §1681a(d).

7. Upon information and belief, Equifax as defined by 15 U.S.C. §1681a(p) is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. Upon information and belief, Equifax regularly engages in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third (3rd) parties bearing on a consumer's creditworthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

   1. Public record information

2. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## III. PRELIMINARY STATEMENT

The Fair Credit Reporting Act (FCRA) regulates consumer reporting; Congress enacted the statute to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. One of the problems with the credit reporting industry that Congress recognized and sought to remedy with the Fair Credit Reporting Act (FCRA) was that a consumer is not always given access to information in [their] file. The Fair Credit Reporting Act (FCRA) also promotes transparency of the credit reporting system to consumers in many ways, including by generally requiring that consumer reporting agencies disclose to consumers all information in their file upon request. Under Section 609(a), a consumer reporting agency must, upon request, clearly and accurately disclose to the consumer [a]ll information in the consumer's file at the time of request and [t]he sources of information. Ther requirement applies to all consumer reporting agencies. The Fair Credit Reporting Act (FCRA) defines a consumer's file as all of the information on that consumer that is recorded and retained by a consumer reporting agency, regardless of how the information is stored. Section 609(a)'s file disclosure requirements are central to the statute's accuracy, fairness and consumer privacy in the consumer reporting system.

## IV. FACTUAL ALLEGATIONS

8. On January 2, 2025, Plaintiff sent Equifax a written request for a copy of her full consumer file disclosure and included copies of proper identification (driver license, social security card, and proof of address) with the written request via United States Postal Service Certified Mail, Certified Mail Number 9589071052701566740338 (Plaintiff will produce during Discovery).

9. According to the United States Postal Service Tracking Service on their website, Equifax received Plaintiff's Certified Mail with Plaintiff's written request inside on January 7, 2025, 9:04 am (Plaintiff will produce during Discovery).

10. Equifax, in response to Plaintiff's unequivocal, explicit, and very specific written request for her full consumer file disclosure that Equifax received on January 7, 2025, 9:04 am, mailed Plaintiff a credit report dated January 12, 2025, which Plaintiff received on January 22, 2025. (Plaintiff will produce during Discovery). This was not responsive to Plaintiff's request.

11. Plaintiff's written request to Equifax was unequivocal, explicit, and very specific, specifying in detail exactly the sections of the FCRA that require Equifax to provide a full consumer file disclosure at least once per year at no cost when a request is made by Plaintiff.

12. Plaintiff's written request for a full consumer file disclosure from Equifax was her first request within twelve (12) months.

13. Plaintiff never requested a credit report from Equifax; he was unequivocal, explicit, and very specific in requesting a full consumer file disclosure pursuant to 15 U.S.C. §1681(g)(a)(1).

14. Equifax did not provide Plaintiff with her full consumer file disclosure.

15. Thus, Equifax violated the Fair Credit Reporting Act (FCRA). For Plaintiff to obtain a full disclosure under the FCTA, Plaintiff is only required to do two (s) things: (1) make a request and (2) provide proper identification (Plaintiff did those two things). Once those requirements or conditions are satisfied or met the consumer reporting agency shall provide the full file disclosure to Plaintiff.

16. On January 23, 2025, Plaintiff sent Equifax a second and final written request for a copy of her full consumer file disclosure and included copies of proper identification (driver license, social security card and proof of address) with the written request via United States Postal Service Certified Mail, Certified Mail Number 9589071052702324030050. (Plaintiff will produce during Discovery).

17. According to the United States Postal Service Tracking Service on their website, Equifax received Plaintiff's Certified Mail with her second and final written request inside on January 28, 2025, 1:42 pm (Plaintiff will produce during Discovery).

18. Equifax response to Plaintiff's unequivocal, explicit and very specific second and final written request for her full consumer file disclosure that Defendant Equifax

received on January 28, 2025, 1:42 pm. Equifax mailed Plaintiff a letter stating "We received your request for a copy of your Equifax credit report. However, we need additional information in order to verify your identity and address. To help us fulfill your request please send us a letter with your full name, social security number, current address and your date of birth. Please also include a copy of a document verifying your identity, your social security number and a copy of a document verifying your address". The date on the letter was January 30, 2025, and Plaintiff received it on February 12, 2025. (Plaintiff will produce during Discovery), which was not the responsive to Plaintiff's unequivocal, explicit and very specific second and final written request for her full consumer file disclosure that Equifax received on January 28, 2025, 1:42 pm.

19. Plaintiff's second and final written request for her full consumer file disclosure to Equifax was unequivocal, explicit and very specific and specified in detail exactly the specific sections of the Fair Credit Reporting Act (FCRA) that requires Equifax to provide a full consumer file disclosure at least once per year at no cost when a request is made by Plaintiff.

20. Plaintiff never made a request for a credit report from Equifax, Plaintiff was unequivocal, explicit and very specific in her second and final written request for her full consumer file disclosure pursuant to 15 U.S.C. § 1681(g)(a)(1).

21. Equifax did not provide Plaintiff with her full consumer file disclosure.

22. Thus, Equifax violated Fair Credit Reporting Act (FCRA). For Plaintiff to obtain a full file disclosure under the FCRA, Plaintiff is only required to do two (s) things: (1) make a request and (2) provide proper identification (Plaintiff did those two things). Once those requirements or conditions are satisfied or met the consumer reporting agency shall provide the full file disclosure to Plaintiff.

23. Upon information and belief there is substantial information relating to Plaintiff that is contacted in the Equifax's files that has not been disclosed to Plaintiff, including by not limited to information that was previously shown and additional information that is disseminated to prospective insurers, creditors or employers (3rd parties) who request information on Plaintiff that Plaintiff has never seen or is aware of.

24. Upon information and belief, the information that is not disclosed to Plaintiff contains negative codes among other things that are disseminated to prospective insurers, creditors or employers (3rd parties) which directly affect how those prospective insurers, creditors or employers (3rd parties) would view Plaintiff in terms of rating insurance policies, providing employment or granting credit.

25. This undisclosed information has never been provided to Plaintiff even when Plaintiff requested it so Plaintiff could examine it for accuracy and completeness. The aforementioned undisclosed information could be blatantly false or misleading and without disclosure by Equifax, Plaintiff would not have the opportunity to dispute the completeness or accuracy of the aforementioned

undisclosed information, which Plaintiff is legally entitled to under Federal Law. Disclosure of misleading or false information to prospective insurers, creditors, or employers (3rd parties) that Plaintiff know nothing about could paint Plaintiff in a false light where Plaintiff could be denied credit, denied employment or pay higher interest rates on credit products if they were granted and pay higher insurance premiums on insurance products harming Plaintiff significantly.

26. Upon information and belief Equifax has much more, a lot more information relating to Plaintiff in their databases and files including archived information that Plaintiff has never had access to or had the opportunity to review for accuracy and completeness that is disseminated to third (3rd) parties when third (3rd) parties make a request for Plaintiff's file and then Equifax disseminates Plaintiff's file to those third (3rd) parties.

27. Plaintiff has properly requested this information from Equifax again and again and it is required to be disclosed pursuant to 15 U.S.C. §1681(g)(a)(1) when a proper request is made by Plaintiff. For Plaintiff to obtain a full file disclosure under the FCRA, Plaintiff is only required to do two (2) things: (1) make a request and (2) provide proper identification (Plaintiff did those two things on multiple occasions). Once those requirements or conditions are satisfied or met the consumer reporting agency shall provide the full file disclosure to Plaintiff.

28. Equifax has constantly refused to provide Plaintiff with her full consumer file disclosure after multiple proper written requests by Plaintiff to Equifax via United States Postal Service Certified Mail (Plaintiff will produce during Discovery).

29. Plaintiff's multiple proper written requests were unequivocal, explicit and very specific and could not possibly be mistaken as a request for a credit report by Equifax.

30. Plaintiff has not had access to that undisclosed information. Plaintiff therefore has not had opportunity to review it and dispute the completeness and accuracy of it if it is found to be false; yet Equifax constantly disseminates it to potential insurers, creditors and employers (3rd parties) without Plaintiff's knowledge and illegally and purposely concealed from Plaintiff.

31. Upon information and belief when a report is disseminated by Equifax to a potential insurer, creditor or employer (3rd party) that information is disseminated in an encrypted format with instructions to the user that the consumer is not to be shown that information.

32. Upon information and belief, the full file must contain information that the consumer has never seen and the consumer reporting agencies do not want Plaintiff to see this information for some unknown reason.

33. Plaintiff was unequivocal, explicit and very specific in her multiple proper written requests to Equifax for her full consumer file disclosure as clearly stated in and pursuant to 15 U.S.C. §1681(g)(a)(1).

34. Equifax has failed to comply with Plaintiff's multiple proper written requests for her full consumer file disclosure therefore Equifax is in violation of the Fair Credit Reporting Act (FCRA).

35. Equifax's actions has caused an injury in fact to Plaintiff, Plaintiff's injury is particularized and actual, Plaintiff have suffered emotional distress, Plaintiff have suffered mental distress, Plaintiff have suffered denials due to information in Plaintiff's file that Plaintiff has been unable to review for completeness and accuracy due to the failures of Equifax failing to comply with Plaintiff's multiple requests resulting in actual damages.

36. This action is filed in a timely manner and falls within the statute of limitations in accordance with 15 U.S.C. §1681p(1): 2 years after the date of discovery by the Plaintiff of the violation. 15 U.S.C. §1681p(2): 5 years after the date on which the violation that is the basis for such liability occurs.

## V. FIRST CLAIM FOR RELIEF

**Equifax Information Services LLC**
**15 U.S.C. §1681 et seq.**

37. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

38. Equifax violated the FCRA (Fair Credit Reporting Act).

39. Equifax repeatedly failed to comply with Plaintiff's multiple proper written requests for a full consumer file disclosure pursuant to 15 U.S.C. §1681(g)(a)(1).

40. At all times herein Equifax acted negligently and willfully.

41. Equifax is liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A)

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

C. Costs pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(b).

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

*/s/ Victoria Jones*

Victoria Jamae Jones, *Pro Se* Plaintiff

6109 Magnolia Dr.

Mount Morris, MI 48458

(p): 810-449-9371

(E-mail): Victoria.J.Jones65@gmail.com

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Case:2:25-cv-12947
Judge: Murphy, Stephen J.
MJ: Altman, Kimberly G.
Filed: 09-17-2025 At 09:03 AM
CMP VICTORIA JONES V EQUIFAX INFORMATION SERVICES, LLC (LG)

## I. (a) PLAINTIFFS
Victoria Jamae Jones

**DEFENDANTS**
Equifax Information Services, LLC

(b) County of Residence of First Listed Plaintiff **Genesee**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Gwinnett**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
6109 Magnolia Dr.
Mount Morris, MI 48458

Attorneys *(If Known)*
Corporation Service Company
2 Sun Court, Suite 400 Peachtree Corners, GA, 30092

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [x] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/Exchange |
| | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §1681g(a)(1) et. seq.
Brief description of cause:
Fair Credit Reporting Act (FCRA)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 9/17/25
SIGNATURE OF ATTORNEY OF RECORD: *Victoria Jones*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?   ☐ Yes   ☒ No

    If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☒ No

    If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes : _____